Sylvia **RICHARD**, Administratrix of the Estate of Barbara Barnes, Deceased, and Guardian of the Estates of Curtis Elwyn Barnes and Rebecca Anne Barnes, Minors, Plaintiff,

v.

Louis **DERVARICS**, Jr., and Reilly-Thrift, Inc., Defendants.

Civ. No. 68–395.

Rosenn, Jenkins & Greenwald, Wilkes-Barre, Pa., for plaintiff.

Daniel L. McCarthy, Justin Kevin McCarthy, Bethlehem, Pa., for defendants.

## MEMORANDUM

NEALON, District Judge.

On September 30, 1967, a Dodge automobile operated by Dr. William Barnes, in which his wife, Mrs. Barbara Barnes and their two minor children, Curtis Elwyn Barnes and Rebecca Anne Barnes, were passengers, became involved in an accident with a vehicle owned by Reilly-Thrift, Inc., and driven by its alleged employee, Louis Dervarics, Jr. Mrs. Barnes died as a result of injuries sustained in the accident and Dr. Barnes and the two minor children were injured. On September 24, 1968, Mrs. Sylvia Richard, plaintiff herein, sister of Dr. Barnes and a citizen of Rhode Island, was appointed Administratrix of the Estate of Mrs. Barbara Barnes and also Guardian of the minors' Estates, by the Orphans Court of Luzerne County. Suit was filed against Louis Dervarics, Jr., and Reilly-Thrift, Inc., in this Court on September 27, 1968, by Sylvia Richard as Administratrix of the Estate of Mrs. Barbara Barnes and as Guardian of the minors' Estates, and defendants have moved to dismiss solely as to the claim on behalf of the minors, contending that diversity[1] was manufactured for jurisdictional purposes contrary to the rule laid down in McSparran v. Weist, 402 F.2d 867 (3d Cir. 1968). Defendants withdrew a similar motion as to the action on behalf of the decedent for the reason that the Statute of Limitations had run on the wrongful death action.

In McSparran, supra, our Court of Appeals held that the appointment of an out-of-state Guardian solely to create diversity jurisdiction violates 28 U.S.C. § 1359, which denies jurisdiction to a District Court where a party has been improperly or collusively made or joined to invoke the jurisdiction of such Court.[2]

In applying the language of § 1359 to suits wherein diversity is artificially created, the Court said:

"The collusion exists between the nonresident guardian and the applicant for his appointment in the state proceeding as a result of which one who

---

1. Dr. Barnes and his minor children are citizens of Pennsylvania; Mr. Dervarics is a citizen of Pennsylvania, and Reilly-Thrift, Inc., is a Pennsylvania corporation. Dr. Barnes brought suit against these defendants for his own injuries in the Common Pleas Court of Carbon County, Pennsylvania, the situs of the accident.

2. 28 U.S.C. § 1359 provides:
   "A district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court."

would not otherwise have been named as guardian has achieved the status from which he claims the right to sue because of his artificial selection solely for the purpose of creating jurisdiction. He is not chosen because of his capacity to manage the property of his ward, and indeed need have no experience in the management of property. He is outside the jurisdiction of the court which is to supervise his nominal activity. In truth none of the considerations which normally lead to the selection of a guardian effects the local appointing court's determination because it knows that in the 'manufactured' diversity case the guardian is not expected to manage any property for his supposed ward and usually will not continue in office or exercise any real function after any funds are recovered in the litigation. He is no more than a representative of the minor's counsel whom counsel provides in order to establish a diversity of citizenship which will permit him to bring the action in the federal court. As a straw party he does not stand in the position of a true fiduciary whose involvement in litigation is incidental to his general duty to protect the interests of those for whom he is responsible."

Also considered as important factors in McSparran were (1) the fact that the appointing Court normally would not have designated an out-of-state Guardian because of his absence from the jurisdiction and the consequent limitation of control over him; (2) the controversy itself was essentially local, thereby removing one of the reasons underlying diversity jurisdiction, viz., discrimination against out-of-state litigants, and (3) the out-of-state Guardian had no duty or function except to offer the use of his citizenship to create diversity in contemplated litigation. The Court noted that a plaintiff in-voking diversity jurisdiction has the burden to prove all facts by which it could be sustained and that the presumption is that a United States Court does not have jurisdiction unless the contrary appears from the record.

The only three facts of record distinguishing this case from McSparran are: (1) the Guardian is a relative of the minors, viz., an Aunt; (2) an action was instituted by Dr. Barnes for his injuries in Carbon County Court,[3] and (3) in the Guardian's Petition for Appointment filed in Luzerne County Orphans Court, plaintiff alleged that her appointment was necessary " * * * to create diversity of citizenship in order to initiate a law suit." As in McSparran, the accident occurred in Pennsylvania where the injured minors and all defendants reside.

Counsel for both parties informed the Court that they did not desire a hearing, but would rest on the record and affidavits filed. In an attempt to satisfy her burden of proof, plaintiff asserts that she is an Aunt of the minors and is "very close to Dr. Barnes and his minor children * * * ", but this pales in significance when compared with her bold statement in her petition for appointment that such appointment was necessary in order to create diversity of jurisdiction to initiate a law suit, obviously in Federal Court. In addition, plaintiff complains that a dismissal in this Court would create an unreasonable and unnecessary burden on the minor plaintiffs because they would be forced to incur additional legal expenses in Carbon County and would be prejudiced by a joinder with their Father's action inasmuch as he was the operator of the vehicle, whereas they and the decedent were passengers. I am compelled to conclude, in light of the McSparran principles hereinabove referred to, that plaintiff has "added nothing to a record which shows on its face

---

3. Suit on behalf of the minors can similarly be instituted in Carbon County Court as the Statute of Limitations has not run.

a naked arrangement for the selection of an out-of-state guardian in order to prosecute a diversity suit." McSparran v. Weist, supra. The mere fact that plaintiff is the minors' Aunt, without more, does not make it any less artificially created for diversity jurisdiction. In any event, she has not satisfied her burden of proving all the facts by which diversity jurisdiction could be sustained. Moreover, the potential inconvenience and expense outlined by plaintiff does not rise to the level of an unreasonable burden within the contemplation of the McSparran decision. Defendants' motion to dismiss the claim of the plaintiff as Guardian of the minors' estates, as contained in Count 3 of the complaint, will be granted.