429 F.2d 128
 John W. JOYCE, Administrator of the Estate of Richard M.
Lane, Deceased, Appellant,
v.
Harold A. SEIGEL, Individually and trading and doing
business as Harold A. Seigel Coal Company.
 No. 18357.
 United States Court of Appeals, Third Circuit.
 Argued March 19, 1970.
Decided July 8, 1970, As Amended July 27, 1970.
 
 P. J. McArdle, J. Jerome Mansmann, Pittsburgh, Pa., for appellant.
 H. Fred Mercer, Jr., Mercer & Buckley, Albert G. Feczko, Jr., Pittsburgh, Pa., for appellee.
 Before McLAUGHLIN, FREEDMAN and GIBBONS, Circuit Judges.
 OPINION OF THE COURT
 FREEDMAN, Circuit Judge.
 
 
 1
 This case falls within the narrow class in which the question is whether our decision in McSparran v. Weist, 402 F.2d 867 (3 Cir.1968), cert. denied sub. nom. Fritzinger v. Weist, 395 U.S. 903, 89 S.Ct. 1739, 23 L.Ed.2d 217 (1969), barring 'manufactured' diversity actions, should be applied retrospectively.
 
 
 2
 The doctrine of McSparran, in which we overruled and disapproved our previous decisions,[1] has since been adopted in a number of circuits,[2] and has its real significance for future cases. We made it clear that in the gradually shrinking class of cases where the parties had a right to rely on our prior rule because the cause of action arose before McSparran was decided, such pending actions should not be dismissed by retrospective application of McSparran if this would impose serious prejudice on any of the parties or upon the administration of justice.[3]
 
 
 3
 This is an action brought under the Pennsylvania Wrongful Death and Survival Statutes.[4] Defendant filed a motion to dismiss the action on the ground that diversity was 'manufactured.' After entering a number of orders in which it successively denied, granted and vacated the dismissal of the action the district court ultimately dismissed the action.[5] From this dismissal the plaintiff has appealed.
 
 
 4
 Plaintiff attacks the order dismissing the complaint on two grounds. One is that the dismissal was entered without holding a hearing, to which he was entitled and which the district court had indicated would ultimately be held.
 
 
 5
 We need not rest our decision on the failure of the district court to hold a hearing. For the action of the district court was based on the insufficiency of the facts alleged by the plaintiff in his answer to the motion to dismiss and in various affidavits filed on his behalf to establish, as was his burden,[6] that diversity existed. No counter-affidavits were filed by the defendant and no question of credibility has been raised. We therefore review the decision of the district court on the facts appearing in the record.
 
 
 6
 On April 6, 1968, the decedent, Richard M. Lane, was killed in a collision between his automobile and a tractortrailer of defendant in Elk County, Pennsylvania. Decedent was a citizen of Pennsylvania and so is defendant. Decedent's wife had died a year before the accident. They had three children, two of them adopted daughters aged 16 and 14 at the time of the accident, and a five-year old son born of the marriage. After decedent's death the two adopted daughters lived with friends of the decedent, Mr. and Mrs. Lee Grosch[7] at Shippenville, Pennsylvania, and the boy lived with his paternal grandmother, Mrs. Bertha Lane, at Marienville, Pennsylvania.
 
 
 7
 This was a family afflicted by tragedy and troubled by family discord. The wife, whom decedent had named in his will as executrix and who would become the guardian of the children, had predeceased him. His father-in-law, Darwin L. Sayres, whom he had named as alternate executor and guardian, was old and so ill that he died a short time later. He renounced the executorship after other members of the family indicated through Leroy F. Grosch that they did not believe it would be in the best interest of the family for him to serve.
 
 
 8
 Decedent's mother, Mrs. Bertha Lane, was 58 years of age, and in ill health and distress because of the death of her husband in an accident a short time before. She also renounced, and then selected as administrator John W. Joyce, the decedent's uncle, because he 'would be able to handle all the problems connected with the estate without getting involved in any of the personal problems such as custody and guardianship of minor children.' Her choice was approved by Mr. Sayres, as well as by Neal Fiscus, the husband of decedent's sister, who was the only other relative mentioned in the record residing in Pennsylvania. Mr. Fiscus also averred in his affidavits that the family did not wish Mr. Sayres to act as administrator and that he himself did not wish to serve because of a family conflict over custody of the two adopted daughters.
 
 
 9
 The assets of the decedent's estate, aside from the present cause of action, were worth approximately $50,000, and Mr. Joyce attended to them before instituting the present action.
 
 
 10
 The ultimate determination whether diversity has been 'manufactured,' as we made clear in McSparran,[8] is a question of fact to be determined from the circumstances of the individual case. A number of factors which ordinarily will be encountered were specified in Groh v. Brooks, 421 F.2d 589, 595 (3 Cir.1970). These, of course, are but illustrations and not definitive, for the ultimate factual decision must be derived from the particular characteristics of the individual case.
 
 
 11
 In the present case the circumstances make it clear that Mr. Joyce became the administrator c.t.a. for legitimate considerations. His residence and citizenship outside of Pennsylvania was the reason for his selection, but this was because it freed him from close involvement in the family's personal problems, and his selection for this reason and because he was experienced in financial affairs was quite different from an effort to create artificial diversity. In these circumstances the plaintiff was entitled to select the federal courts for the decision of the claim against defendant, and the action should therefore go forward in the district court, where it was brought.
 
 
 12
 The order of the district court dismissing the action will be reversed and the case remanded for further proceedings.
 
 
 
 [1]
 Corabi v. Auto Racing, Inc., 264 F.2d 784 (3 Cir. 1959); Fallat v. Gouran, 220 F.2d 325 (3 Cir. 1955); Jaffe v. Philadelphia and Western R. Co., 180 F.2d 1010 (3 Cir. 1950)
 
 
 [2]
 O'Brien v. AVCO Corp., 425 F.2d 1030 (2 Cir. 1969); Lester v. McFaddon, 415 F.2d 1101 (4 Cir. 1969); Dougherty v. Oberg, 297 F.Supp. 635 (D.Minn.1969). See also Farrell v. Ducharme, 310 F.Supp. 254 (D.Vt.1970)
 
 
 [3]
 Siegel v. Slaney, 419 F.2d 176 (3 Cir. 1969); Law v. Converse, 419 F.2d 38 (3 Cir. 1969). See also Groh v. Brooks, 421 F.2d 589 (3 Cir. 1970)
 
 
 [4]
 Act of April 15, 1851, P.L. 669, 19, 12 Purdon's Pa.Stat.Annot. 1601 (wrongful death claim); Act of April 18, 1949, P.L. 512, 601, 20 Purdon's Pa.Stat.Annot. 320.601 (survival claim). See Pa.R.C.P. Nos. 213(e) and 2201 et seq., 12 Purdon's Pa.Stat.Annot. Appendix, providing for the joinder of both claims in one action
 
 
 [5]
 Earlier the court caused the defendant to waive his right to plead the statute of limitations in a state court action
 
 
 [6]
 McSparran, 402 F.2d at 875
 
 
 [7]
 An affidavit by Leroy F. Grosch does not indicate whether he is the Mr. 'Lee' Grosch referred to in other affidavits but gives his address in the same town
 
 
 [8]
 McSparran at 876