George H. HOFFMAN, Administrator of the Estate of Antoinette D. Drolles, Deceased, Appellant,

v.

George E. LENYO, M.D.

No. 18563.

United States Court of Appeals, Third Circuit.

Argued Sept. 21, 1970.

Decided Nov. 5, 1970.

**658**

David Kanner, Kanner, Stein, Feinberg & Barol, Philadelphia, Pa., for appellant.

Francis E. Shields, Pepper, Hamilton & Scheetz, Philadelphia, Pa. (Dolores B. Spina, Philadelphia, Pa., on the brief), for appellee.

Before HASTIE, Chief Judge, and FREEDMAN and ADAMS, Circuit Judges.

## OPINION OF THE COURT

FREEDMAN, Circuit Judge.

Plaintiff, administrator of the estate of the decedent, appeals from the district court's dismissal of his action because diversity was manufactured and hence would not support the suit under our decision in McSparran v. Weist, 402 F.2d 867 (3 Cir. 1968), cert. denied sub nom. Fritzinger v. Weist, 395 U.S. 903, 89 S.Ct. 1739, 23 L.Ed.2d 217 (1969).

### I.

Plaintiff attacks the finding of the district court that "the sole purpose in selecting plaintiff as an administrator was to create diversity of citizenship."

■ As we pointed out in *McSparran*[1] and in subsequent cases,[2] a plaintiff who invokes diversity jurisdiction has the burden of proving all the facts required to sustain it.

The record shows that the administrator is a citizen of New Jersey and a grand-uncle of the decedent. Plaintiff places strong reliance on this family relationship. However, decedent was survived by her parents who are citizens of Pennsylvania and who normally would be available as plaintiffs. She also was survived by three aunts who are citizens of Pennsylvania and more closely related to her than is plaintiff. Moreover, although plaintiff seeks to justify his entrance into the case on the ground that the parents were emotionally distraught by the death of their daughter, the record shows that his appointment as administrator was made at the request of the attorney for the decedent's parents and was not accomplished until almost 10 months after decedent's death.

Plaintiff has done nothing as administrator except file this action and is wholly inexperienced in such matters as the administration of an estate. He acknowledged that he knew nothing of the state court action then pending in the Court of Common Pleas of Schuylkill County, Pennsylvania, for the same cause of action although it was brought in his name less than a week after his appointment as administrator.

■ The finding by the district court that plaintiff was selected as administrator for the sole purpose of creating diversity of citizenship is a finding of fact[3] which may not be set aside on appeal unless it is shown to be clearly erroneous under Rule 52(a) of the Federal Rules of Civil Procedure. Far from being clearly erroneous, the finding is amply supported by the record.

1. 402 F.2d at 876–877.

2. Siegel v. Slaney, 419 F.2d 176 (3 Cir. 1969); Law v. Converse, 419 F.2d 38 (3 Cir. 1969); Groh v. Brooks, 421 F.2d 589 (3 Cir. 1970); Joyce v. Seigel, 429 F.2d 128 (3 Cir. 1970).

3. See *McSparran*, 402 F.2d at 876–877.

## II.

Decedent's death occurred and the cause of action arose prior to our decision in *McSparran*.[4] We made it clear in *McSparran*[5] and our later cases[6] that in the gradually shrinking class of cases where the cause of action arose prior to our decision in *McSparran* the new rule, which overruled Corabi v. Auto Racing, Inc., 264 F.2d 784 (3 Cir. 1959), was to be applied retrospectively "only where the [district] court finds that in the circumstances of the particular case there is ample time and opportunity for the plaintiff to institute a new action in the state court. * * * "

 The district judge dismissed this action for want of jurisdiction in express reliance on the fact that there was then pending an appropriate state court action which had been instituted within the period of the statute of limitations. Defendant, however, has attacked the state suit as barred by the statute of limitations, because the summons issued within the period of the statute of limitations was not served but was reissued after the statute had run, and the complaint was not filed until even later.[7] This attack would impose on plaintiff the very hardship we were careful to guard against in *McSparran* and apparently was not brought to the attention of the district court. A defendant may not obtain the dismissal of a timely federal action on the ground that diversity was manufactured if he is also seeking to prevent relief in the state court by claiming the bar of the statute of limitations.

The order of the district court dismissing the action for want of jurisdiction will be vacated and the case remanded with direction to order dismissal only if, as a condition of such dismissal, defendant makes an effective waiver of any claim of laches or of the bar of the statute of limitations to the state court action, and with leave to plaintiff to move to vacate the order of dismissal if defendant should at any time raise the claim of laches or the bar of the statute of limitations in the state court action. Each party will bear his own costs.

---

4. The complaint in the district court alleged that defendant's negligence caused decedent's death on February 21, 1968, seven and one-half months prior to our decision in *McSparran*, although the action was filed on February 24, 1969, four and one-half months after *McSparran*.

5. 402 F.2d at 877.

6. See supra, n. 2.

7. The summons was issued on December 16, 1968. It was reissued on November 26, 1969. The complaint was filed on February 6, 1970. Defendant argued that the state action should be deemed to have been commenced no earlier than the service of the reissued summons on the filing of the complaint.