**Ruth A. LEVENGER, Appellant,**

v.

**The LEHIGH VALLEY RAILROAD CO.**

No. 18280.

United States Court of Appeals, Third Circuit.

Argued Nov. 5, 1970.

Decided Dec. 23, 1970.

Leon H. Kline, Philadelphia, Pa., Martin H. Philip, Palmerton, Pa., for appellant.

Norman R. Bradley, Saul, Ewing, Remick & Saul, Philadelphia, Pa., for appellee.

Before BIGGS, VAN DUSEN and ROSENN, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

The plaintiff, Ruth A. Levenger, trustee of an inter vivos trust, appeals from the district court's dismissal of her action on the ground that diversity of citizenship was artificially created and therefore would not sustain federal ju-

risdiction under our decision in McSparran v. Weist, 402 F.2d 867 (3d Cir. 1968), cert. denied sub nom. Fritzinger v. Weist, 395 U.S. 903, 89 S.Ct. 1739, 23 L.Ed.2d 217 (1969).

After careful consideration of the circumstances surrounding the creation of the trust and the administration of the trust, the district court concluded that the plaintiff was selected as trustee "in order to make it possible for her to bring a diversity suit in a federal court." This finding constitutes a finding of fact [1] which may not be set aside on appeal unless it is shown to be clearly erroneous under Rule 52(a) of the Federal Rules of Civil Procedure. Far from being clearly erroneous, this finding is amply supported by the record.

The plaintiff seeks to distinguish *McSparran* on the ground that the cause of action was the only asset in the estate in *McSparran,* whereas in the instant case the trust corpus consists of substantial assets in addition to the cause of action. This distinction is not of controlling significance. The presence of substantial assets in addition to the cause of action in a trust or estate is merely one factor to be taken into consideration by the district court in determining whether or not diversity has been artificially created.[2] It was so considered by the district court in this case.

Since the requisite protective state court action has been filed within the period of the statute of limitations,[3] the September 15, 1969, order of the district court dismissing the complaint will be affirmed.

1. Hoffman v. Lenyo, 433 F.2d 657, No. 18,563 (3d Cir., filed 11/15/70) ; Joyce v. Seigel, 429 F.2d 128 (3d Cir. 1970) ; McSparran v. Weist, 402 F.2d 867, 876–877 (3d Cir. 1968), cert. denied sub nom. Fritzinger v. Weist, 395 U.S. 903, 89 S.Ct. 1739, 23 L.Ed.2d 217 (1969).

2. See Joyce v. Seigel, 429 F.2d 128 (3d Cir. 1970). *See generally* Groh v. Brooks, 421 F.2d 589 (3d Cir. 1970).

3. Hoffman v. Lenyo, 433 F.2d 657, No. 18,563 (3d Cir., filed 11/5/70) ; Mc-

Sparran v. Weist, 402 F.2d 867, 877 (3d Cir. 1968) ; cert. denied sub nom. Fritzinger v. Weist, 395 U.S. 903, 89 S.Ct. 1739, 23 L.Ed.2d 217 (1969).

