Eileen H. KANE, Admx. of the Estate of John J. Conner, Deceased

v.

Albert A. CAMERON and Marie I. Cameron, his wife, Defendants,

and

Commissioners of Township of Lower Merion, Defendants

and

Hom A. SONG, Third-Party Defendant.

Civ. A. No. 68-2765.

United States District Court, E. D. Pennsylvania.

June 30, 1971.

**934**

Robert E. Slota, Ardmore, Pa., for plaintiff.

Jeanne Ward Ryan, Peter Liebert, 3rd, Alan Margolis, Philadelphia, Pa., for defendants.

1. It is interesting to note plaintiff's prior answer to the following interrogatory posed by third party defendant:

## MEMORANDUM AND ORDER

DITTER, District Judge.

This matter is before the court on a motion to dismiss a survival and wrongful death action on the ground that diversity of citizenship has been "manufactured." Plaintiff, a New Jersey resident, is the administratrix of the estate of her brother-in-law, who was a resident of Pennsylvania. Third party defendant, Hom A. Song, who filed the instant motion, is a Pennsylvania resident, as are all the other defendants.

The complaint alleges that the decedent, John J. Conner, died on March 14, 1968, from injuries sustained in a fall on a sidewalk owned and maintained by defendants, in Montgomery County, Pennsylvania.

■ Third party defendant contends that decedent's administratrix was appointed for the sole purpose of creating diversity so that an action could be brought in this court. We agree. McSparren v. Weist, 402 F.2d 867 (3d Cir. 1968), cert. denied sub nom. Fritzinger v. Weist, 395 U.S. 903, 89 S.Ct. 1739, 23 L.Ed.2d 217 (1969), bars such a suit. In compliance with Groh v. Brooks, 421 F.2d 589 (3d Cir. 1970), an explanation of our findings follows.

By affidavit filed August 20, 1970, Alice Conner, wife of the decedent, stated that at the time of the appointment of her sister, Eileen H. Kane, as administratrix, both of her sons were in or about to enter the military. Her daugher and son-in-law were then out of the country. Accordingly, none of them could act as an administrator. Mrs. Conner chose her sister because she was "mature and capable of sound judgment." In addition, she was Mrs. Conner's closest living relative. Decedent's wife did not have herself appointed because at the time, she was "still very much emotionally upset" and was "fearful and concerned about making decisions with respect to his estate." [1]

Was your appointment as Administratrix for any purpose other than to confer diversity jurisdiction on the court?

*Groh,* supra, set down certain criteria to guide district courts in determining whether diversity has been artificially created. Applying those guides we find:

1. The chosen administratrix is a sister of decedent's wife; therefore, a close relationship exists.

2. The administratrix has apparently unlimited scope with respect to her powers and duties.

3. Aside from Mrs. Conner's confidence in the administratrix, Eileen Kane has no special capacity or experience with respect to the purpose of her appointment.

4. There exists a non-diverse party, Mrs. Conner, who might more normally be expected to represent the interests involved.

5. Those seeking the appointment of plaintiff as administratrix have expressed questionable reasons for selecting an out-of-state person, especially in light of the fact that the right of action in question constitutes the main and probably the only asset of the estate.

6. Apart from the appointment of an out-of-state administratrix, the suit is one wholly local in nature. All of the defendants and decedent's wife are Pennsylvania residents and the accident occurred in that state.

In view of the uncertainty about the reason for Mrs. Kane's appointment which the answers to interrogatories create, we conclude that she was chosen so that federal jurisdiction could be asserted. Since all the interested parties, except administratrix, have been and are residents of Pennsylvania, and since the defendants reside and the accident occurred in Montgomery County, suit should have been instituted there.

Therefore this action must be dismissed: Groh v. Brooks, supra.

■ Although the present motion was filed only by third party defendant, the court on its own motion may dismiss a suit for lack of jurisdiction: Aetna Insurance Company of Hartford, Connecticut v. Southern, Waldrip & Harvick, 198 F.Supp. 505 (N.D.Calif.1961). See Forgione v. United States, 202 F.2d 249 (3d Cir. 1953), cert. denied 345 U.S. 966, 73 S.Ct. 950, 97 L.Ed. 1384. Consequently the failure of other defendants to file similar motions in no way affects this decision.

Accordingly, the following order is entered:

## ORDER

And now, this 30th day of June, 1971, upon consideration of motion of third party defendant, Hom A. Song, and upon the court's determination that bona fide jurisdiction does not exist and that the motion to dismiss should be granted, subject to appropriate conditions for the protection of the interests of the parties and the due administration of justice without delay or protraction of the litigation,

It is ordered that said motion be and the same hereby is granted, and the above styled cause be and the same hereby is dismissed, for lack of federal jurisdiction; provided that the above named defendants shall effectively submit themselves to the jurisdiction of the Court of Common Pleas of Montgomery County, Pennsylvania, in such proceedings as plaintiff herein may have brought or shall hereafter bring to assert the cause of action involved in the case at bar, and shall also effectively waive any defenses based upon the statute of limitations or upon lack of venue

---

On April 30, 1970, plaintiff stated:
Yes, plaintiff was appointed * * * so that a wrongful death and a survival action could be brought in any court.
In addition, plaintiff was asked whether any renunciations of Letters of Administration were filed. She answered that

Alice Conner had done so but that plaintiff was unaware of the reasons for the filing. Thus, none of the facts of the August 20 affidavit had been mentioned in these answers made only four months earlier.

or jurisdiction in said Court of Common Pleas, and shall also agree to the use in said court of all pleadings, depositions, discovery, and other preliminary steps heretofore taken in the case at bar.

Plaintiff is hereby afforded sixty (60) days in which to file a complaint in the Court of Common Pleas of Montgomery County. Following service of the complaint each of the defendants shall have sixty (60) days to file appropriate pleadings, stipulations, or other documents giving effect to the requirements and conditions imposed by this order, and waiving any additional delays or time limits otherwise available in said Court of Common Pleas, and placing the cause in the posture for prompt trial.

And provided further that if said defendants, or any of them, shall fail to comply within the sixty (60) day period with the requirements of the foregoing, then this order shall by its own terms cease to be in force and effect, and the cause shall be reinstated on the docket of this court.