Reverend B. M. KENEBREW, Adminis-
trator of the Succession of Archie Ash-
worth, Sr., and Minnie Samuels Ash-
worth, Plaintiff-Appellant,

v.

COLUMBIA LAND AND TIMBER COM-
PANY, Inc., Defendant-Appellee.

No. 71–3091

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 26, 1972.

Raymond D. Fuljenz, Peter A. Ciam-
botti, Lake Charles, La., for plaintiff-ap-
pellant.

Richard E. Gerard, Lake Charles, La.,
William E. Hall, Jr., DeRidder, La., for
defendant-appellee.

Before GEWIN, AINSWORTH and
SIMPSON, Circuit Judges.

PER CURIAM:

■ The Reverend B. M. Kenebrew,
Administrator of the Succession of Ar-
chie Ashworth, Sr., and Minnie Samuels
Ashworth, appeals from the judgment of
the District Court dismissing his claim
for lack of diversity jurisdiction. The
action is a possessory action under Loui-
siana law: "The possessory action is one
brought by the possessor of immovable
property or of a real right to be main-
tained in his possession of the property
or enjoyment of the right when he has
been disturbed, or to be restored to the
possession or enjoyment thereof when he
has been evicted." La.Code Civ.Pro.
Art. 3655. Reverend Kenebrew, a citi-
zen of Texas, was appointed administra-
tor of the succession of the two Louisi-
ana decedents. The estate consists only
of this claim. Appellant has no relation-
ship by blood or marriage with either of
the decedents. Ashworth's surviving
children are Louisiana citizens. Several
grandchildren, who claim a one-ninth in-
terest in the land, reside in Texas. The
District Court determined that "The ad-
ministrator does not have sufficient sub-

* ■ Rule 18, 5 Cir.; see Isbell Enter-
prises, Inc. v. Citizens Casualty Compa-
ny of New York et al., 5 Cir., 1970, 431
F.2d 409, Part I.

stantive ties to the heirs or to the State of Louisiana to support federal diversity jurisdiction. Allowing this suit to be prosecuted here would not advance any of the functions that diversity jurisdiction was designed to serve." Thus, the Court dismissed the complaint for lack of diversity of citizenship pursuant to 28 U.S.C. § 1359. The decision is correct and the judgment is affirmed. See White v. Lee Marine Corp., 5 Cir., 1970, 434 F.2d 1096; Caribbean Mills, Inc. v. Kramer, 5 Cir., 1968, 392 F.2d 387, aff'd 394 U.S. 823, 89 S.Ct. 1487, 23 L.Ed.2d 9 (1969); Bass v. Texas Power & Light Company, 5 Cir., 1970, 432 F.2d 763; Groh v. Brooks, 3 Cir., 1970, 421 F.2d 589; Lester v. McFaddon, 4 Cir., 1969, 415 F.2d 1101; McSparran v. Weist, 3 Cir., 1968, 402 F.2d 867, cert. denied sub nom. Fritzinger v. Weist, 395 U.S. 903, 89 S.Ct. 1739, 23 L.Ed.2d 217 (1969).

Affirmed.