Mary R. PANGAIO, Administratrix of the Estate of Armando Pangaio, Deceased

v.

PALMER TOWNSHIP et al.

GANNETT, FLEMING, CORDRY & CARPENTER, INC.,
and
United Gas Incorporated, Defendants and Third-Party Plaintiffs,
and
LIBSON CONTRACTORS, INC., Third-Party Defendant.

Civ. A. No. 71–2759.

United States District Court,
E. D. Pennsylvania.

May 15, 1972.

Marshall, Dennehey & Warner, Philadelphia, Pa., for plaintiff.

J. J. O'Brien, Jr., Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

On February 17, 1971, Armando Pangaio was killed as a result of a cave-in of earth and stone into a ditch in which he was working. The decedent's widow renounced her right to administer the estate of her husband, and, on May 10, 1971, Mary Pangaio, a New York citizen, was appointed administratrix. Subsequently, suit was filed in this Court under the Pennsylvania Wrongful Death and Survival Acts, alleging diversity of citizenship as the jurisdictional basis. Before the Court is defendants' motion to dismiss the complaint on the ground that the administratrix was appointed solely for the purpose of manufacturing diversity.

Title 28 U.S.C. § 1359 provides:

"A district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court."

In McSparran v. Weist, 402 F.2d 867 (3d Cir. 1968), cert. denied sub nom. Fritzinger v. Weist, 395 U.S. 903, 89 S. Ct. 1739, 23 L.Ed. 217 (1969), the Court of Appeals held that Section 1359 bars federal court jurisdiction in a suit by a personal representative where the purpose of his appointment was to create diversity jurisdiction. The Court further held that whether in an individual case diversity jurisdiction is manufactured is a question of fact to be determined by the District Court, 402 F.2d at 875, and that the burden of proving the facts to sustain diversity jurisdiction rests with the plaintiff. 402 F.2d at 875. The factors which the District Court may consider in determining whether diversity has been artificially created were enumerated in Groh v. Brooks, 421 F.2d 589 (3d Cir. 1970):

"* * * the identity of the representative and his relationship to the party represented; the scope of the representative's powers and duties; any special capacity or experience which the representative may possess with respect to the purpose of his appointment; whether there exists a nondiverse party, such as a parent in a suit for injuries to a child, who might more normally be expected to represent the interests involved; whether those seeking the appointment of the representative express any particular reasons for selecting an out-of-state person; and whether, apart from the appointment of an out-of-state representative, the suit is one wholly local in nature." 421 F.2d at 595.

In applying the facts of this case to the criteria set forth in Groh v. Brooks, *supra,* we make the following findings:

1. The administratrix is the first cousin of the decedent and his only relative in the United States other than his immediate family;

2. The administratrix has a general power of administration of the decedent's estate;

3. The administratrix has no special capacity or experience in the administration of estates. As the administra-

tive assistant to a corporate vice-president, she does, however, have experience in financial matters;

4. Ordinarily, the widow or her twenty-two year old son might be expected to represent the interests involved;

5. The particular reasons for the appointment of the present administratrix are: (a) although both the widow and eldest son can speak and write in English, they would prefer to use the Portuguese language; and (b) the administratrix had much more education and financial experience than the widow and eldest son;

6. This suit, in which the decedent resided in Pennsylvania, the statutory beneficiaries for whose benefit this action is being prosecuted are residents of Pennsylvania, the location of the accident is in Pennsylvania, the estate is being administered in Pennsylvania, and all defendants are located and doing business in Pennsylvania, is "one wholly local in nature".

Plaintiff has assigned as one of the reasons for her appointment the fact that the decedent's family prefers to speak and write in Portuguese. Both the widow and her oldest son can, however, speak and write in English. Thus, there is nothing to prevent the family of the decedent from retaining and assisting a qualified attorney in the administration of the estate nor is there anything to prevent the plaintiff from assisting the family in an advisory capacity from her New York residence. Moreover, in her own affidavit, plaintiff averred that she advised the family to obtain an attorney to handle the administration of the estate and tax matters. We, therefore, conclude that the preference of Portuguese to English does not constitute a sufficient justification for the appointment of an out-of-state representative. Nor does the fact that the decedent's family had confidence in plaintiff justify her appointment in the absence of any special competence in the administration of estates. Kane v. Cameron, 329 F.Supp. 933 (E.D.Pa.1971).

Finally, we find that the dedication and interest the administratrix has shown toward the Pangaio family both prior to and subsequent to the accident has been nothing less than exemplary. In assisting the family, she advised on a great many personal matters relating to the estate. About two weeks after the decedent's death, her attention turned to a potential cause of action which may have arisen as a result of the accident. Thereafter, she spoke with attorneys from her company concerning such a cause of action. On or about March 1, 1971, she was referred to Philadelphia counsel, who, in turn, referred her to present counsel. On May 10, 1971, upon the renunciation by decedent's widow of her right to administer the estate, plaintiff was appointed administratrix of the estate and, subsequently, this action was filed. This case does not appear to be an ordinary case of manufactured diversity in that plaintiff has taken much of the initiative to secure her appointment, and this was done before the retention of present counsel. The language of Section 1359, however, explicitly provides that a "party" may not improperly invoke the jurisdiction of the District Court and that provision makes no distinction between jurisdiction manufactured by a party on his own initiative and that manufactured on advice of counsel.

In conclusion, this suit is one wholly local in nature, and plaintiff has failed to meet the burden of proving that her appointment was not for the purpose of creating diversity. Plaintiff has filed a protective action in the state court and, accordingly, we will grant defendants' motion to dismiss the complaint.