**Michael C. WATSON, a minor by his Guardian Harold Rosenbaum, and Harold Rosenbaum, in his own right,**

v.

**Mary P. RUSNAK et al.**

**Civ. A. No. 71–2125.**

United States District Court,
E. D. Pennsylvania.

Jan. 3, 1973.

Marvin W. Factor, Philadelphia, Pa., for plaintiff.

Charles J. Bogdanoff, Philadelphia, Pa., for defendants.

MEMORANDUM AND ORDER

DITTER, District Judge.

This is a suit brought on behalf of a minor to recover for injuries suffered when he was struck by an automobile. Defendant has moved to dismiss on the grounds that diversity jurisdiction was created so the case could be brought in federal court.

Based upon the entire record, I make the following findings:

1. The accident in question occurred in Cumru Township, Berks County, Pennsylvania, on or about September 15, 1969.

2. It is conceded that all parties in interest except the minor, Michael C. Watson, are citizens of Pennsylvania.[1]

3. In August of 1971, minor plaintiff went to stay with Mr. and Mrs. Harold Rosenbaum, 50 Brompton Road, Apartment 2–L, Great Neck, New York. Mrs.

1. All claims against defendants Fegley and Conrath were dismissed by stipulation, Document No. 13.

Rosenbaum is the minor's maternal aunt. Suit was brought on August 26, 1971, by Harold Rosenbaum acting in the capacity of guardian for the minor.

4. The minor remained in New York for approximately six weeks, returning to the home of his parents in time to start the 1971 school year in Shillington, Pennsylvania. During the time that he stayed with the Rosenbaums, they had marital problems and have since become divorced.

5. The minor's parents are living and are persons who would be normally expected to represent his interests.

6. No convincing reason has been given to explain the minor's going to New York to live with his aunt and uncle. The minor said he wanted to go to private school, but had been enrolled in a public school. The affidavit of Bruce G. Watson, the minor's father, indicates that there were certain medical, educational, and cultural facilities which would be conducive to the minor's well-being, but these are not explained in detail. In view of the remainder of the record, this evidence is insufficient to prove that residence in New York was being established for reasons other than the bringing of this suit.

7. Apart from the designation of an out of state guardian, this suit is local in nature.

Under the circumstances, I conclude that Harold Rosenbaum was chosen guardian so that federal jurisdiction could be asserted. Suit should have been instituted in state court and therefore this action must be dismissed. Groh v. Brooks, 421 F.2d 589 (3rd Cir. 1970); Tanzymore v. Bethlehem Steel Corporation, 457 F.2d 1320 (3rd Cir. 1972). However, because the interests of a minor are involved, justice requires that he be given an opportunity to be heard in an appropriate state proceeding. Therefore, the following order is entered:

ORDER

And now, this 3rd day of January, 1973, upon consideration of the motion of Mary P. Rusnak and upon the court's determination that bona fide jurisdiction does not exist and that the motion to dismiss should be granted, subject to appropriate conditions for the protection of the interests of the parties and the due administration of justice without delay or protraction of the litigation,

It is ordered that said motion be and the same hereby is granted, and the above styled cause be and the same hereby is dismissed, for lack of federal jurisdiction; provided that the above named defendant shall effectively submit herself to the jurisdiction of the Court of Common Pleas of Berks County, Pennsylvania, in such proceedings as have been brought or shall hereafter be brought on behalf of the minor to assert the cause of action involved in the case at bar, and shall also effectively waive any defenses based upon the statute of limitations or upon lack of venue or jurisdiction in said Court of Common Pleas, and shall also agree to the use in said court of all pleadings, depositions, discovery, and other preliminary steps heretofore taken in the case at bar.

Plaintiff is hereby afforded sixty (60) days in which to file a complaint in the Court of Common Pleas of Berks County. Following service of the complaint, the defendant shall have sixty (60) days to file appropriate pleadings, stipulations, or other documents giving effect to the requirements and conditions imposed by this order, and waiving any additional delays or time limits otherwise available in said Court of Common Pleas, and placing the cause in the posture for prompt trial.

And provided further that if said defendant shall fail to comply within the sixty (60) day period with the requirements of the foregoing, then this order shall by its own terms cease to be in force and effect, and the cause shall be reinstated on the docket of this court.