## YOUNG v. WILKY CARRIER CORPORATION.

No. 8659.

Circuit Court of Appeals, Third Circuit.

Argued Dec. 7, 1944.

Decided July 26, 1945.

As Amended Aug. 13, 1945.

John J. McDevitt, Jr., of Philadelphia, Pa., for appellant.

Langdon W. Harris, Jr., of Philadelphia, Pa., for appellees.

Before GOODRICH and McLAUGHLIN, Circuit Judges and FAKE, District Judge.

FAKE, District Judge.

This case was tried by the court on stipulation waiving the right to a trial by jury. The judge found on ample evidence that there was negligence in the case and adjudicated damages accordingly. No issue however as to negligence per se is involved on this appeal. The errors alleged are limited to two underlying issues:

First: It appears that one Earl L. Welty had been served and brought in as a party defendant with the Wilky Carrier Corporation and before the commencement of the trial, Judge Kirkpatrick signed an order dismissing the suit as to Welty. This action of the judge is relied upon as error.

■ It appears from the record made before Judge Kirkpatrick that plaintiffs asserted their inability to prove a case against Welty either severally, or jointly in connection with the Wilky Carrier Corporation, and they therefore submitted to a voluntary dismissal as to Welty. Counsel for defendant, Wilky Carrier Corporation, objected on the record to the dismissal however. His position is that under the Pennsylvania law providing for contribution between defendants in negligence cases, he had a right to detain Welty in the case until all the evidence was in and the case went to the court for adjudication on the facts. It appears to us under this approach that the dismissal of Welty resided in the sound discretion of the court under Rule 41(a) (2), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. We find no abuse of that discretion on the record here. We find no error in the action of Judge Kirkpatrick.

■ Second: The case went to trial before Judge Kalodner and on the evidence before him he spelled out liability against the remaining defendant on the case law of Pennsylvania. He found as conclusions of fact that the offending vehicle was the property of Welty; that defendant was in possession thereof as lessee; that the driver Gramlich was the employee of defendant at the time of the accident; that the vehicle

had lettered thereon the names "Wilky Carrier Corp." and "Earl L. Welty"; and that Gramlich was in and about the business of defendant at the time of the accident. If these conclusions stand there is no error in the result below.

Two of the conclusions above mentioned are based upon the appearance of the defendant's name on the vehicle, to wit, the conclusion that defendant was the "owner" as stated in the opinion, which is taken to mean lessee in exclusive possession, and the conclusion that the vehicle was on defendant's business at the time the injuries were sustained.

The learned trial judge has made a painstaking study of the law of Pennsylvania relating to the presumptions arising under the law of the state pertaining to the lettering on the vehicle. His opinion fully discloses the process of reasoning by which he reached his conclusion. We agree with him in the reasoning and in the result. Further consideration of the subject here would be but to repeat his thoughts in different phraseology.

As to each of his remaining conclusions of fact, we find he was fully justified on the evidence before him.

The judgment below is affirmed.

GOODRICH, Circuit Judge (concurring).

Agreeing with the result reached by the Court, I want to add a few words on the first point considered in the principal opinion.

Plaintiff's voluntary dismissal of defendant Welty was permissible under Rule 41(a) of the Federal Rules of Civil Procedure. Lyman v. United States, 1 Cir., 1943, 138 F.2d 509, certiorari denied 1944, 320 U.S. 800, 64 S.Ct. 429, 88 L.Ed. 483. We are not concerned with local rules of practice, either as to dismissal as to one of several defendants, or as to joining of additional defendants. These are not substantive and do not control federal court procedure. Cleary v. Quaker City Cab Co., 1926, 285 Pa. 241, 132 A. 185.

Wilky, however, complains that the dismissal of Welty adversely affected his rights. This point is not well taken. Whatever rights there were between them remain. Their substantive rights relating to reimbursement, indemnity, contribution, are unaffected. Kravas et al. v. Great Atlantic & Pacific Tea Co., D.C.W.D.Pa., 1939, 28

F.Supp. 66. The operative facts occurred in Pennsylvania and reference to the law of that state will be made as to substantive rights. Restatement, Conflict of Laws Sec. 384. The Pennsylvania Act of June 24, 1939, P.L. 1075, § 1, 12 P.S. § 2081 provides that "contribution shall be enforcible among those who are jointly or severally liable for a tort where, as between them, such liabilities are either all primary or all secondary." See Trerotola, et al. v. City of Philadelphia, 1943, 346 Pa. 222, 29 A.2d 788, 790.

The right to contribution is a matter of substantive law, and whatever rights Wilky and Welty have between them will be governed by the Pennsylvania rule. If it is necessary to sue in New York whether or not the local law of New York would permit contribution under the circumstance involved is not determinative. Nor does the statute of limitations begin to run against the right of contribution until some event, like payment, occurs which throws on the one claiming an inequitable share of the common burden. 13 Am.Jur. 77.