Fred GREEN, Administrator of the Estate of Nina Voroponov, Deceased,

v.

William E. BOTTOMS, and Allen K. Cooper, and Friends Neighborhood Guild, Inc.

Civ. A. 21091.

United States District Court
E. D. Pennsylvania, at Philadelphia.

Sept. 3, 1958.

Gordon W. Gerber, Philadelphia, Pa., for plaintiff.

William J. McKinley, Jr., Philadelphia, Pa. (Swartz, Campbell & Henry, Philadelphia, Pa.), for defendant.

LEAHY, District Judge.

The facts here are discussed in Maryland Casualty Company v. Green, D.C., E.D.Pa., 167 F.Supp. 226.

In this action Green, as Administrator, moves for partial summary judgment as against the Fourth and Fifth Defenses. The Fourth Defense of the defendant Friends Neighborhood Guild, Inc., of charitable immunity from suit has been abandoned by stipulation and an order approving the same has been filed. This leaves the motion directed at the Fifth Defense; i. e., a defendant is immune from common law liability where there is an employer-employee relationship at the time of injury, and rights are governed by the Pennsylvania Workmen's Compensation Law, 77 P.S. § 1 et seq. Plaintiff claims this is not a good defense in a Federal Court action growing out of a Pennsylvania accident.

1. The Fifth Defense injects into this death action based on negligence the probable application of the Pennsylvania Workmen's Compensation Act. The issue whether decedent was within "the course of her employment" at the time of the accident becomes important only if a jury should find the accident was caused by some negligence attributable to her employer; and such becomes relevant only to the execution stage of an action and a concomitant judgment. Under Pennsylvania law in a common law action against several defendants the negligence action should not become complicated by workmen's compensation issues for such is not a valid defense during a trial by the estate of a deceased person against two or more defendants one of whom claims to have been in an employer-employee relationship with plaintiff. Maio v. Fahs, 339 Pa. 180, 14 A.2d 105; McIntyre v. Strausser, 365 Pa. 507, 76 A.2d 220; Socha v. Metz, 385 Pa. 632, 123 A.2d 837.

2. The case at bar comes within the Pennsylvania cases as this is a Pennsylvania accident. Liability governed by the state workmen's compensation statutes is not a defense in a jury trial in a Federal Court against an alleged employer and third parties. The Guild, as defendant, may raise the question at a later time if it suffers an adverse judgment. But under Pennsylvania law plaintiff should have summary judgment as to the Fifth Defense set forth in the Guild's answer.

An appropriate order may be submitted.