**BROADWAY & NINETY-SIXTH STREET REALTY CORPORA-TION et al., Plaintiffs,**

**v.**

**LOEW'S INCORPORATED et al., Defendants.**

**SKOURAS THEATRES CORPORATION et al., Plaintiffs,**

**v.**

**RADIO-KEITH-ORPHEUM CORPORA-TION et al., Defendants.**

United States District Court
S. D. New York.

Dec. 3, 1958.

**10**

Weisman, Celler, Allan, Spett & Sheinberg, New York City, for plaintiffs; Adolph Kaufman, New York City, of counsel.

O'Brien, Driscoll & Raftery, New York City, for defendants RKO Theatres, Inc. and List Industries Corp.; Edward C. Raftery, William F. Whitman, George A. Raftery, New York City, of counsel.

Donovan, Leisure, Newton & Irvine, New York City, for defendants Radio-Keith-Orpheum Corp., RKO Pictures Corp., and RKO Radio Pictures, Inc.; Sidney P. Howell, Jr., John Manning, New York City, of counsel.

Louis Phillips and Simpson, Tacher & Bartlett, New York City, for defendants Paramount Pictures Corp., Paramount Film Distributing Corp., and Paramount Pictures, Inc.; Marvin Ginsky and Albert C. Bickford, New York City, of counsel.

Phillips, Nizer, Benjamin, Krim & Ballon, New York City, for defendants Warner Bros. Pictures, Inc., Warner Bros. Pictures Distributing Corp., Universal Pictures Co., Inc., United Artists Corp.; Louis Nizer, Gerald F. Phillips, Jon M. Kaufman, New York City, of counsel.

Simpson, Thacher & Bartlett, New York City, for defendant American Broadcasting-Paramount Theatres, Inc.; Albert C. Bickford, New York City, of counsel.

Davis, Polk, Wardwell, Sunderland & Kiendl, New York City, for defendant Loew's, Inc.; Henry King, New York City, of counsel.

Myles J. Lane, New York City, for defendants Stanley-Warner Management Corp., and Stanley-Warner Corp.

Ferdinand Pecora, New York City, for defendant Columbia Pictures Corp.

Adolph Schimel, New York City, for defendants Universal Pictures Corp., and Universal Film Exchanges, Inc.

R. W. Perkins, New York City, for defendants Warner Bros. Pictures, Inc., Warner Bros. Pictures Distributing Corp., and Warner Bros. Pictures, Inc. (in dissolution).

Sherpick, Regan & Davis, New York City, for added defendant George P. Skouras.

Royall, Koegel, Harris & Caskey, New York City, for added defendants Twentieth Century-Fox Film Corp., and Spyros P. Skouras.

DIMOCK, District Judge.

Certain defendants, having settled with plaintiffs and with added defendants against whom they have served a cross-claim, move for a dismissal of the plaintiffs' complaint as against them, a dismissal of their counterclaim against the plaintiffs and a dismissal of their cross-claim against the added defendants. There is objection on the part of remaining defendants on the ground that it is an advantage to them to have the moving defendants in the case. They say, for instance, that if the moving defendants remain as parties the objecting defendants' rights of examination and discovery will be broader and the assertion of any right of contribution that they may have against the moving defendants will be facilitated.

There is a conflict in the cases as to the authority for dropping a party as distinguished from dismissing the entire action. The Third Circuit proceeded under Rule 41(a) (2) F.R.Civ.P. in Young v. Wilky Carrier Corporation, 150 F.2d 764. This Circuit in Harvey Aluminum, Inc. v. American Cyanamid Co., 203 F.2d 105, 108, expressed the view that Rule 41 applied only to dismissal of the entire action and that the elimination of a single party should be accomplished under Rule 21. A later case in this Circuit, Kerr v. Compagnie De Ultramar, 250 F. 2d 860, 864, indicates that Rule 21 is applicable only where there has been a technical misjoinder and that a motion to drop a party is more properly an amendment of the pleadings under Rule 15(a), which would result in a dismissal of the complaint, or (in that case) that the motion might be based solely on the inherent powers of the court to perfect federal jurisdiction.

I refuse to believe that the court lacks power to dismiss a case as to less than all the defendants. If the power is inherent it must be exercised fairly. If it is granted by one of the above enumerated rules it is to be exercised "when justice so requires" Rule 15(a), "on such terms as are just" Rule 21, or "upon such terms and conditions as the court deems proper" Rule 41(a)(2). Since the considerations applicable in all four cases are thus substantially identical it is unnecessary to decide whether I am acting under Rule 15(a), Rule 21, Rule 41(a) (2) or under none of them.

No objecting defendant has served any cross-claim against a moving defendant.

Doubtless the position of the objecting defendants would be more favorable with the moving defendants as co-parties with them but I can think of no reason in law or justice why the moving defendants, having bought their peace from plaintiffs, should be required to continue as co-parties with the objecting defendants and for their sole benefit.

The joinder of the moving defendants by plaintiffs gave their fellow defendants no vested interest in the presence of the moving defendants as co-parties.

The objecting defendants do not suggest that, upon dismissal, their rights as to the moving defendants will be any less than if the moving defendants had never been joined. Their joinder was a voluntary gift to their co-defendants by plaintiffs and plaintiffs, having given, could take away.

Thus, in suggesting that they will have greater rights to assert a claim for contribution if moving defendants are kept in, objecting defendants in substance say no more than that it will be easier to serve a cross-claim for contribution on existing co-defendants than to get leave to serve a third party complaint for contribution on third parties who have formerly been co-defendants.

Objecting defendants are not, on the present state of the pleadings, in a position where they can assert a claim for contribution. The Federal Rules of Civil Procedure contain no provision under which a defendant can recover judgment against a co-defendant except by way of

**12**

a cross-claim filed pursuant to Rule 13 (g).

Even if the objecting defendants had already served a cross-claim for contribution on the moving defendants, the moving defendants would have been entitled to have the plaintiffs' complaint against them dismissed and they would remain in the case only as third party defendants opposing the objecting defendants' cross-claim.

Since the objecting defendants will be no worse off if the complaint is dismissed as against the moving defendants than if the moving defendants had never been made parties to the action, I see no occasion for imposing any terms for the preservation of any rights of the objecting defendants.

Motion granted.

So ordered.