Jesse L. **RAGLAND**, Plaintiff,

v.

**SWINDELL DRESSLER CORPORATION**, a corporation; **Henry Shaffer Lumber Company**, a corporation; and **Marietta Concrete Corporation**, a corporation, Defendant, and **Beaumont Birch Company**, a corporation, Third-Party Defendant.

Civ. A. No. 17235.

United States District Court
W. D. Pennsylvania.

Sept. 16, 1960.

Jacob Frank, Pittsburgh, Pa., for plaintiff.

Dickie, McCamey, Chilcote & Robinson; VanderVoort, Royston, Robb & Leonard; Stein & Winters; and Reed & Egler, Pittsburgh, Pa., for defendants.

GOURLEY, Chief Judge.

In the course of pretrial consideration of the above common law diversity negligence action arising in Pennsylvania, the following question is posed:

Where plaintiff sues multiple defendants, one of whom is plaintiff's statutory employer, is said statutory employer a proper party to remain in the action where plaintiff makes no objection to its dismissal but where the other multiple defendants resist said dismissal?

Succinctly stated:

A sues B, C, and D.

B is A's statutory employer.

B moves for dismissal to which A makes no objection.

C and D resist dismissal.

Defendants are persistent in the view that the co-multiple defendant statutory employer should remain upon the record and in support thereof cite Pennsylvania authorities to the effect that the defense of a statutory employer does not bar a judgment against such statutory employer jointly with any of the other defendants, and that such defense may be utilized only after judgment against such statutory employer in stay of any execution levied upon it, McIntyre v. Strausser, 365 Pa. 507, 76 A.2d 220; Socha v. Metz, 385 Pa. 632, 123 A.2d 837. Reference is further made to United States District Court decision for the Eastern District of Pennsylvania, Green v. Bottoms, 167 F.Supp. 228. The latter decision is distinguishable and, in my judgment, not germane since a factual dispute was present as to whether a statutory employer relationship existed. That fact is stipulated in the case at bar.

It is settled law that a statutory employer is not subject to liability in a common law negligence action, Girardi v. Lipsett, Inc., 3 Cir., 275 F.2d 492.

In contrast to the law of Pennsylvania, the federal view is unequivocally established that the joinder of the moving defendant by the plaintiff gives its fellow defendants no vested interest in the presence of the moving defendant as a co-party. The Federal Rules of Civil Procedure contain no provision under which a defendant can recover judgment against a co-defendant except by way of a cross-claim filed pursuant to Rule 13 (g), 28 U.S.C. Young v. Wilky Carrier Corp., 3 Cir., 150 F.2d 764; Fleck v. Marzano, D.C.M.D.Pa., 108 F.Supp. 556; Broadway & Ninety-sixth St. Realty Corp. et al. v. Loew's et al., D.C.N.Y., 23 F.R.D. 9; Cyclopedia of Federal Procedure 3rd Ed., Sec. 29.05.

Defendants cannot possibly be prejudiced in filing cross-claims by reason of the statute of limitations, since a defendant is not barred because of the stat-

ute of limitations from preserving his right to file a cross complaint in pleading joint or several liability, Adam v. Vacquier, D.C.Pa., 48 F.Supp. 275.

Motion of Swindell Dressler Corporation, a corporation, defendant, to dismiss the complaint will be granted.

An appropriate Order is entered.