SOUTHERN ELECTRIC GENERATING
COMPANY et al., Plaintiffs,

v.

ALLEN BRADLEY COMPANY et al.,
Defendants.

United States District Court
S. D. New York.
April 16, 1962.

Winthrop, Stimson, Putnam, & Roberts, New York City, for plaintiffs.

RYAN, Chief Judge.

Here, prior to the service of any answers, a defendant moves for dismissal as to less than all the defendants. Al-though Rule 41(a) specifically provides for dismissal on application of· a plaintiff, the rule may be applied because the plaintiff consents to the granting of the relief sought. Some of the remaining defendants did not consent but did not oppose the motion.

The Rules of Civil Procedure are silent as to discontinuance or dismissal of an action as to less than all the defendants. Rules 41(a) (2), 21 and 15(a), F.R.Civ. P., 28 U.S.C.A., have been employed to accomplish this.[1]

The problem presented, irrespective of the procedural method used to discontinue or dismiss the action as to certain of the defendants, is whether in a private antitrust suit the Court may, with the plaintiff's consent, order a discontinuance or a dismissal of the suit as to one or more of severally named defendants over the objections of a party remaining in the suit as a defendant, where the objecting defendant has not pleaded a cross-claim.

In a suit in this Court in which certain defendants, who had settled with the plaintiff and with added defendants against whom they had served a cross complaint, moved for dismissal of the complaint as to them, the Court held that it had the inherent power even over objections of the remaining defendants to dismiss the suit as to less than all the defendants where no objecting defendant had served any cross-claim against the moving party. (Broadway & Ninety-Sixth St. Realty Corp. v. Loew's Inc., 23 F.R.D. 9 (1958).)

Judge Dimock in his opinion pointed out in this suit that there is a conflict as to the authority for the dropping of a party as distinguished from dismissing the entire action. The Third Circuit, in

1. Rule 41, F.R.Civ.P., *Voluntary Dismissal of Action by Plaintiff.* An ACTION may be dismissed without Court order (1) by filing a notice of dismissal at any time before the service of the answer by the adverse party or of a motion for summary judgment, whichever occurs first; or (2) by filing a stipulation of dismissal signed *by all the parties* who have *appeared* in the action.

Except as provided in this paragraph, an action shall not be dismissed at plaintiff's instance save upon order of the Court.

dismissing a suit as to one of two joint tortfeasors,[2] has proceeded under Rule 41(a)(2). The Second Circuit has expressed conflicting views; namely, that Rule 41 applied only to dismissal of the entire action and that an elimination of a single party should be accomplished under Rule 21[3] and that Rule 21 is applicable only where there has been a technical misjoinder and that a motion to drop a party in the absence of technical misjoinder is more properly an amendment of the pleadings under Rule 15(a), or a motion based solely on the inherent powers of the Court to perfect federal jurisdiction.[4] Judge Dimock was of the view that the Court has the inherent power to dismiss a case as to less than all the defendants. Concerning the procedural device to be used by the Court, Judge Dimock wrote:

> "If the power is inherent it must be exercised fairly. If it is granted by one of the above enumerated rules it is to be exercised 'when justice so requires' Rule 15(a), 'on such terms as are just' Rule 21, or 'upon such terms and conditions as the court deems proper' Rule 41(a)(2). Since the considerations applicable in all four cases are thus substantially identical it is unnecessary to decide whether I am acting under Rule 15(a), Rule 21, Rule 41(a)(2), or under none of them." (23 F.R.D. 9 at p. 11.)

In a fairly recent antitrust suit, the Court granted a motion by the Government to dismiss without prejudice 36 named conspirators on the ground that these defendants were not necessary parties to the relief requested.[5] The Court wrote:

> "While Rule 21 contemplates dropping parties at any stage of the proceedings 'on such terms as are just' and is addressed to the court's discretion, application of the rule is premised upon a defect of parties. In the instant motion the court is not confronted with the problem of whether these defendants are necessary, proper or indispensable parties to the action. The government merely says that they are not necessary to the relief prayed for in the complaint though they may be participants in the violation charged.
>
> "[5] It thus seems that the motion partakes of a true dismissal of the action against these particular defendants and should be considered in the light of the philosophy underlying Rule 41 of the Federal Rules of Civil Procedure though its operation is limited to these defendants and not to the entire action." (13 F.R.D. 490, at p. 494.)

At this stage of the litigation, none of the objecting defendants have a vested right to keep any other defendant in the suit, when the plaintiff consents to the dismissal. Any possible unfairness in the dismissal of these defendants would seem to be entirely absent. Furthermore, under these circumstances, it is patently unfair to compel the plaintiff to sustain the cost of suing these defendants and to compel these defendants to bear the cost and burden of a defense.

Motion granted; complaint dismissed without costs as to defendants Ward Leonard Electric Co. and The Arrow-Hart & Hegeman Electric Company, and an order providing for entry of judgment accordingly may be submitted.

2. Young v. Wilky Carrier Corp., 3 Cir., 150 F.2d 764.

3. Harvey Aluminum, Inc. v. American Cyanamid Co., 203 F.2d 105.

4. Kerr v. Compagnie, 250 F.2d 860.

5. United States v. E. I. DuPont De-Nemours & Co., D.C., 13 F.R.D. 490.