Arthur E. SIEGEL, Administrator of the Estate of Frank Henry Poniewaz, a/k/a Frank Henry Ponze, Deceased

v.

George R. SLANEY and Continental Transportation Lines, Inc.

No. 17878.

United States Court of Appeals Third Circuit.

Argued Oct. 24, 1969.

Decided Dec. 10, 1969.

Samuel M. Rosenzweig, Pittsburgh, Pa. (Aaron Rosenzweig, Rosenzweig & Rosenzweig, Pittsburgh, Pa., on the brief), for appellant.

David J. Armstrong, Dickie, McCamey & Chilcote, Pittsburgh, Pa. (Richard S. Dorfzaun, Pittsburgh, Pa., on the brief), for appellees.

Before KALODNER, STALEY and FREEDMAN, Circuit Judges.

OPINION OF THE COURT

FREEDMAN, Circuit Judge.

We are presented on this appeal with the rare case where both parties join in seeking reversal of the decision below.

Plaintiff is the administrator of the estate of a decedent who died on October 20, 1966, a day after he was struck by a passenger car driven by George R. Slaney. The administrator sued Slaney under Pennsylvania's wrongful death and survival statutes [1] and later amended the complaint to include as a defendant Con-

1. Act of April 15, 1851, P.L. 669, § 19, 12 Purdon's Pa.Stat.Annot. § 1601 (wrongful death claim); Act of April 18, 1949, P.L. 512, § 601, 20 Purdon's Pa.Stat. Annot. § 320.601 (survival claim). See Pa.R.C.P. Nos. 213(e) and 2201 et seq., 12 P.S.Appendix, providing for the joinder of both claims in one action.

tinental Transportation Lines, Inc., whose truck the administrator claimed had been negligently left standing on the highway in a manner which contributed to the fatal accident.

The accident occurred in Pittsburgh, Pennsylvania. Decedent was a citizen of Pennsylvania, his wife and two of his three children are citizens of Pennsylvania, Slaney is a citizen of Pennsylvania and Continental is a Pennsylvania corporation whose principal place of business is in Pennsylvania. The administrator is a citizen of Ohio.

On January 9, 1969, after the completion of discovery proceedings, Continental, relying on our decision in McSparran v. Weist, 402 F.2d 867 (3 Cir. 1968), filed a motion to dismiss the action on the ground that the diversity jurisdiction of the district court was artificially created or "manufactured" by the appointment of an out-of-state administrator. When the motion was filed, the Pennsylvania statute of limitations had run against a new suit on both the wrongful death and survival claims and no state suit had been brought. Continental recognized that a barrier to its motion to dismiss existed because of our statement in *McSparran* that a federal diversity action brought prior to the decision in *McSparran* would not be dismissed where "the statute of limitations may already bar the institution of new suits in the state courts." 402 F.2d at 876. We enforced this principle in Esposito v. Emery, 402 F.2d 878 (3 Cir. 1968), handed down on the same day as *McSparran*. Continental therefore declared in its motion that it stood ready to waive the bar of the statute of limitations against a new suit in the state courts, provided such suit was brought within six months after the date of an order of the district court dismissing the action.[2]

The district court, on February 18, 1969, granted the motion to dismiss, without prejudice to the institution of a new suit in the state court but fixed no time limit therefor.[3]

Plaintiff and Continental now join in urging the vacation of the district court order on the ground that each of them will be seriously prejudiced by the dismissal of the federal action.

Plaintiff claims prejudice on a number of grounds. He asserts that he will be prejudiced by the additional costs and delay of a fresh suit. We put this aside as the inevitable result of the dismissal of any case with leave to bring a new suit, for it shows no prejudice peculiar to the circumstances of this case.

Plaintiff also claims that in the state court action he will be unable to call Slaney as of cross-examination because Slaney will not be a party defendant. To this is related the broader claim that because plaintiff effected a settlement with Slaney and gave him a release during the pendency of the federal action, plaintiff will be unable to maintain a suit against Slaney in the state court and a jury therefore will wonder why plaintiff would not be suing the one whose car struck the decedent. We need not decide the question of Pennsylvania law regarding the right to call for cross-examination,[4] nor need we decide whether the jury's possible speculation would impose any greater disadvantage on plaintiff than he will encounter in the federal action, where Slaney has already pleaded

---

2. Although this was stated in the motion signed and sworn to by Continental's counsel, no corporate action was presented on behalf of Continental expressing such a waiver or approving the statement.

3. In its accompanying memorandum the court stated that Continental had stipulated that it waived the defense of the statute of limitations, but the court made no reference to the six months' limita-

tion. The court also stated that Continental's co-defendant, Slaney, had not moved to dismiss and indeed had informed the court that he would not waive the defense of the statute of limitations.

4. See Act of March 30, 1911, P.L. 35, § 1, amending Act of May 23, 1887, P.L. 158, § 7, 28 Purdon's Pa.Stat.Annot. § 381; and 2 Henry, Pennsylvania Evidence § 764 (1953).

the settlement and release as a matter of defense. For the assumption on which these claims are based, i. e., that plaintiff will be unable in the state court action to make Slaney a party defendant, goes beyond Slaney's release and takes us to the barrier of the statute of limitations, which involves Continental as well as Slaney.

When Continental filed its motion to dismiss, it expected that Slaney would join it in waiving for six months the statute of limitations against a new state court action. As it turned out, Slaney refused to join with Continental and insisted on the bar of the statute of limitations, which had already expired when the district court ordered the dismissal of the federal action. The condition on which Continental based its motion to dismiss was not included in the district court's order, and even if it were held to be implicit, the six-months' period from the date of the order expired during the pendency of this appeal. While it might be said that plaintiff should have brought a protective suit in the state court within the six-months' period, he still would have run the risk that the state court, on a plea by Continental of the statute of limitations, might have ordered the suit dismissed. Indeed, at bar Continental expressly declared that it will plead the statute of limitations if a state court action is brought.

Continental's claim of prejudice is embedded in the same circumstances which surround plaintiff's claim of prejudice. It fears that in a state court action Slaney may obtain dismissal as a defendant because of the bar of the statute of limitations and if it is left as the sole defendant it will be in a less favorable position than it is in the federal action where Slaney is its co-defendant. If to avoid this Continental should seek to join Slaney in a state court action as a third party on its claim of contribution [5] it urges that it will be placed in the unfavorable position where the jury in order to hold Slaney liable may feel it necessary first to fasten liability on Continental.

Here, too, we need not determine the merits of these procedural disadvantages which Continental claims would be imposed upon it in a state court action. For these matters are all subordinate to the bar of the statute of limitations, which had run in favor of both Slaney and Continental when the order of dismissal was entered by the district court without the condition limiting a suit in the state court to the six-months' period on which Continental had conditioned its motion.

■ The rule against "manufactured" federal diversity jurisdiction which we laid down in *McSparran* is, as we there declared, one which is to be given a prospective operation, and is to be made retrospective, as we have just pointed out in Law v. Converse, 419 F.2d 38 (3 Cir. 1969), only where no serious prejudice is imposed upon either the plaintiff or defendant or upon the business of the administration of justice.

5. The right of contribution between joint tortfeasors, first recognized in Pennsylvania in Goldman v. Mitchell-Fletcher Co., 292 Pa. 354, 141 A. 231 (1928), is now guaranteed by the Uniform Contribution Among Tortfeasors Act (1939 version, as amended), Act of July 19, 1951, P.L. 1130, 12 Purdon's Pa.Stat. Annot. § 2082 et seq. See generally, 3 Goodrich-Amram, Pennsylvania Procedural Rules Service, § 2232(f)–3 (1962). For cases dealing with some of the difficulties Continental might encounter if left as sole defendant in a state court action, see, e. g., Restifo v. McDonald, 426 Pa. 5, 230 A.2d 199 (1967) ; Kitchen v. Grampian Borough, 421 Pa. 464, 219 A. 2d 685 (1966) ; Davis v. Miller, 385 Pa. 348, 123 A.2d 422 (1956) ; and see 72 Dick.L.Rev. 188 (1967). For indications that Continental may encounter similar difficulties in the federal action, see e. g., Young v. Wilky Carrier Corp., 150 F. 2d 764 (3 Cir. 1945) ; Ragland v. Swindell Dressler Corp., 186 F.Supp. 769 (W.D. Pa.1960) ; Fleck v. Marzano, 108 F.Supp. 556 (M.D.Pa.1952) ; Broadway & Ninety-Sixth Street Realty Corp. v. Loew's, Inc., 23 F.R.D. 9 (S.D.N.Y.1958) ; and see 3 Moore, Federal Practice, §§ 14.01 et seq. (2nd ed. 1968).

In the unusual circumstances which surround this case, the likelihood of the statute of limitations affecting the rights of plaintiff and even of Continental is sufficiently great to establish that the parties will be seriously prejudiced by the dismissal of the federal action. The action, therefore, should remain in the federal courts where it was awaiting trial when *McSparran* was announced.

The order of the district court will be vacated and the case remanded for further proceedings.