474 F.2d 250
 PLAINS GROWERS, INC., By and Through FLORISTS' MUTUAL
INSURANCE COMPANY, the real party in interest in
this cause, Plaintiff-Appellant,
v.
ICKES-BRAUN GLASSHOUSES, INC. and Modine Manufacturing
Company, Defendants-Appellees.
 No. 72-1578 Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 Feb. 9, 1973.
 
 Mickey C. Shyrock, Larry L. Gollaher, Dallas, Tex., for plaintiff-appellant.
 L. A. White, R. A. Wilson, Amarillo, Tex., for defendants-appellees.
 Before WISDOM, GODBOLD and RONEY, Circuit Judges.
 RONEY, Circuit Judge:
 
 
 1
 Plaintiff's greenhouses were damaged by fire caused by allegedly defective gas-fired heaters. Plains Growers, a Texas corporation, sued the seller, Ickes-Braun Glasshouses, Inc., and the manufacturer, Modine Manufacturing Company, both foreign corporations, in a Texas state court.
 
 
 2
 Defendants removed the case to federal District Court on diversity grounds. Plaintiff sought remand to the state court on the ground that the cause of action for the fire loss had been assigned by plaintiff to its insurance company, an Illinois corporation, and that since defendant Ickes-Braun was also an Illinois corporation, there was no diversity of citizenship. The District Court denied the motion for remand and thereafter ordered plaintiff to answer defendants' interrogatories and to produce for inspection the allegedly defective heaters.
 
 
 3
 Plaintiff refused to permit discovery and sought dismissal of the case without prejudice. Voluntary dismissal without prejudice was denied, and the District Court dismissed the action against both defendants, with prejudice to plaintiff's right to refile the cause in any court, because of its refusal to comply with orders for discovery. Plaintiff appeals. The appeal raises two issues: first, whether the Court had diversity jurisdiction, and second, whether the plaintiff had an absolute right under the Rules to a voluntary dismissal without prejudice. We affirm the Court's jurisdiction but hold that the plaintiff was entitled to a voluntary dismissal without prejudice as to the defendant Modine.
 
 JURISDICTION
 
 4
 On the motion for remand to the state court, Plains Growers submitted affidavits to prove that, at the time its fire loss was paid, the cause of action was assigned to Florists' Mutual Insurance Company, an Illinois corporation, which was alleged to be the only real party in interest. Although Plains Growers maintained that it had no interest in the lawsuit, it remained the party plaintiff, and the insurance company has never been made a party. The present style of this case, "Plains Growers, Inc., by and through Florists' Mutual Insurance Company, the real party in interest in this cause," appears in this form for the first time in the appellate proceedings. Plains Growers, Inc. has never sought to amend its complaint to include Florists' Mutual as an additional plaintiff. Florists' Mutual has never sought to intervene in the suit.[1]
 
 The District Court held that:
 
 5
 "The insurance company has never been made a party to this cause of action. It is settled in the Fifth Circuit that a right of removal depends upon the case disclosed by the pleadings when the petition for removal is filed. Nunn v. Feltinton, 294 F.2d 450 (5th Cir. 1961).
 
 
 6
 "The pleadings on file at the time that this case was removed, as well as the parties to the suit at this time, show a complete diversity of citizenship, and as the amount in controversy is over $10,000, jurisdiction is conferred upon the United States District Court."
 
 
 7
 Although the Court may look beyond the complaint to the record as a whole when the factual basis of a party's jurisdictional claim is challenged, no case has been cited which sustains the contention of plaintiff-appellant that, having voluntarily chosen to sue in the name of Plains Growers, Inc., as sole plaintiff, and not sue in the name of Florists' Mutual, it can now defeat removal jurisdiction on the basis of the citizenship of Florists' Mutual.
 
 
 8
 The citizenship of one who has an interest in the lawsuit but who has not been made a party to the lawsuit by plaintiff cannot be used by plaintiff on a motion to remand to defeat diversity jurisdiction.
 
 
 9
 The contention is made that Florists' Mutual was an indispensable party from the beginning and that for this reason its citizenship must be taken into account in determining whether the federal court acquired jurisdiction. The short answer to this contention is that Florists' Mutual never saw itself as an indispensable party, is not a party to the lawsuit, has not sought to become one, and plaintiff has failed to take any steps to make it a party of record in the proceedings. There is no basis for the plaintiff to complain when federal jurisdiction is determined by the citizenship of only those parties which plaintiff has chosen to include in the lawsuit. See Provident Tradesmens Bank & Trust Co., Adm'r v. Patterson, Adm'r, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968) and Saint Paul Mercury Indemn. Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938).
 
 VOLUNTARY DISMISSAL
 
 10
 In an apparent last-minute effort to avoid litigation in federal court, plaintiff filed against Modine, the manufacturer, notice of voluntary dismissal without prejudice pursuant to Rule 41(a)(1), Federal Rules of Civil Procedure, and moved the court for an order of dismissal without prejudice as to Ickes-Braun, the seller, following Rule 41(a)(2).
 
 
 11
 Plaintiff had to proceed by motion rather than notice against Ickes-Braun because that defendant had filed an answer and cross-claim. The court denied the motion and refused to dismiss the case against Ickes-Braun. Only on a showing of abuse of discretion can the denial of such a motion under Rule 41(a)(2) be reversed, and plaintiff does not here assert error as to the refusal to dismiss the case against Ickes-Braun.
 
 
 12
 As to Modine, however, plaintiff contends that it had an absolute right to dismissal on notice. By the time such notice was served by plaintiff, the District Court had denied the motion to remand the case to the state court, overruled plaintiff's objections to interrogatories, and ordered discovery. Modine had neither filed an answer nor moved for summary judgment, but by that time it had filed (1) a motion to dismiss for lack of personal jurisdiction, (2) a motion to challenge service of process, and (3) written interrogatories.
 
 
 13
 The District Court, refusing to dismiss the action against Modine, decided first, that Modine's response sought affirmative relief and constituted an answer within the contemplation of Rule 41(a)(1), so that voluntary dismissal by notice was impermissible, and second, that, treating plaintiff's notice as a motion under Rule 41(a)(2), dismissal should be denied under the circumstances.
 
 
 14
 We would have no difficulty in affirming the refusal to dismiss the case against Modine if the attempt to obtain a dismissal were considered as a motion under Rule 41(a)(2), which places the matter within the court's discretion. Where notice of dismissal under Rule 41(a)(1) fails, the notice may be considered a motion under Rule 41(a)(2) and the court may order the dismissal. The grounds for such a motion to dismiss Modine, however, would be no better than that asserted in plaintiff's abortive attempt to dismiss the case against Ickes-Braun, and plaintiff does not contend on this appeal that the court erred in finding that there were insufficient grounds to require a dismissal of Ickes-Braun. Under the circumstances of this case, we could not hold the denial of the motion for dismissal of Modine under Rule 41(a)(2) to be an abuse of discretion.
 
 
 15
 We hold, however, that under Rule 41(a)(1), plaintiff was entitled as a matter of right to dismissal without prejudice against Modine. This result is premised on two conclusions of law. First, we hold that the pleadings filed by Modine prior to the notice constituted neither an answer nor a motion for summary judgment, either of which would prohibit dismissal by notice; and second, we hold that plaintiff is entitled to a dismissal against one defendant under Rule 41(a), even though the action against another defendant would remain pending.
 
 I.
 
 16
 Although some cases have held that certain pleadings which are neither an answer nor a motion for summary judgment will bar the right to a voluntary dismissal by notice under Rule 41(a)(1), they almost invariably have involved proceedings which joined issue on the controversy or brought the court into consideration of the merits of the controversy. Harvey Aluminum, Inc. v. American Cyanamid Co., 203 F.2d 105 (2d Cir. 1953), cert. denied, 345 U.S. 964, 73 S.Ct. 949, 97 L.Ed. 1383 [Extensive hearing on request for preliminary injunction]; Butler v. Denton, 150 F.2d 687 (10th Cir. 1945) [Petition for intervention tendered justiciable issues]; Robertson v. Limestone Mfg. Co., 20 F.R.D. 365 (W.D.S.C.1957) [Argument of motion for temporary restraining order]. See 9 C. Wright and A. Miller, Federal Practice & Procedure: Civil Sec. 2363 (1971); 5 Moore's Federal Practice p 41.02(3) (2d ed. 1971).
 
 
 17
 In this case, Modine had not only failed to file an answer or a motion for summary judgment or any other pleading which joined issue on the merits of the controversy, but, at the time of the notice, was actually challenging the jurisdiction of the court to hear the merits of the cause by its motion to dismiss for lack of personal jurisdiction and its motion to challenge service of process. The trial court had not yet considered Modine's motions. A notice of voluntary dismissal filed after motions challenging the jurisdiction of the person of the defendant is not untimely under Rule 41(a)(1). Kilpatrick v. Texas & P. Ry. Co., 166 F.2d 788 (2d Cir. 1948), cert. denied, 335 U.S. 814, 69 S.Ct. 32, 93 L.Ed. 369 (1948) and 337 U.S. 75, 69 S.Ct. 953, 93 L.Ed. 1223 (1949). The defendant's filing of interrogatories which remained unanswered at the time of the notice could not prevent a dismissal by notice. See Sheldon v. Amperex Electronic Corp., 52 F.R.D. 1 (E.D.N.Y. 1971), in which the trial court held that the fact that, in a patent infringement case, voluminous depositions had been taken before plaintiff had filed its notice did not bar dismissal.
 
 
 18
 The District Court erred in denying a voluntary dismissal on the ground that Modine's response constituted the equivalent of the answer required by Rule 41(a)(1), F.R.Civ.P.
 
 II.
 
 19
 Defendant Modine urges us to follow Harvey Aluminum, Inc. v. American Cyanamid Co., supra, by holding that a notice of voluntary dismissal under Rule 41(a)(1) cannot effect a dismissal against less than all of the defendants. Harvey reasoned that the word "action" in the rule that "an action may be dismissed by the plaintiff without order of court . . . by filing a notice of dismissal" denotes the entire controversy, and that, for dismissal as to less than all of the defendants, the plaintiff should proceed under Rule 21, F.R.Civ.P., which provides for the dropping and adding of parties. Although some courts have appeared to follow Harvey, Philip Carey Mfg. Co. v. Taylor, 286 F.2d 782 (6th Cir. 1961); Neiman-Marcus Co. v. Lait, 14 F.R.D. 159 (S.D.N.Y. 1953); cf. Robertson v. Limestone Mfg. Co., supra; see 2B W. Barron & A. Holtzoff, Federal Practice and Procedure Sec. 911 (1961), other courts have followed what has been termed the "better view" by holding that a Rule 41(a) notice or motion can be effected against less than all of the defendants. Johnston v. Cartwright, 355 F.2d 32 (8th Cir. 1966); Young v. Wilky Carrier Corp., 150 F.2d 764 (3d Cir. 1945), cert. denied, 326 U.S. 786, 66 S.Ct. 470, 90 L.Ed. 477 (1946); Terry v. Pearlman, 42 F.R.D. 335 (D.Mass.1967); Southern Electric Generating Co. v. Allen Bradley Co., 30 F.R.D. 135 (S.D.N.Y.1962); United States v. E. I. DuPont de Nemours & Co., 13 F.R.D. 490 (N.D.Ill.1953); 9 Wright & Miller, Federal Practice & Procedure, Sec. 2362; 5 Moore's Federal Practice p 41.06-1.
 
 
 20
 If only Rule 41(a)(1) would logically be affected by our ruling, Modine's argument might be persuasive. The purpose of the Rule is to permit the plaintiff voluntarily to take the case out of court if no other party will be prejudiced. Piedmont Interstate Fair Ass'n v. Bean, 209 F.2d 942 (4th Cir. 1954); Ockert v. Union Barge Line Corp., 190 F.2d 303 (3d Cir. 1951). It can be reasonably argued that the court should determine whether the remaining parties will be prejudiced by the dismissal when the plaintiff seeks the dismissal of less than "all." The difficulty comes from the use of the identical word "action" in Rule 41(a)(2), which requires a court order. There is little merit in an argument that the court could not dismiss the action as to less than all defendants upon motion, and yet there is nothing in the Rule to indicate an intent to make the word "action" mean "all" in 41(a)(1) and mean less than "all" in 41(a)(2).
 
 
 21
 It has been pointed out that the distinction is not critical in consideration of a motion under Rule 41(a)(2) because the court's determination of such a motion would presumably turn on the same factors as would control a Rule 21 motion to drop a party or a Rule 15(a) motion to amend the pleadings. Johnston v. Cartwright, supra; Broadway & Ninety-Sixth St. Realty Corp. v. Loew's, Inc., 23 F.R.D. 9 (S.D.N.Y. 1958); Southern Electric Generating Co. v. Allen Bradley Co., supra. Nevertheless, reading the rules governing dismissal by notice and dismissal by motion together, we conclude that it was intended by the rule-makers to permit dismissal against such of the defendants as have not served an answer or motion for summary judgment, despite the fact that the case might remain pending against other defendants. The third-party claim of Ickes-Braun against Modine, as yet unanswered, would not bar a voluntary dismissal of plaintiff's action.
 
 
 22
 The District Court's order dismissing the cause against Modine Manufacturing Company with prejudice is vacated, and the cause is remanded for the entry of an order granting plaintiff a voluntary dismissal without prejudice as to such defendant.
 
 
 23
 Affirmed in part and vacated and remanded in part, with directions.
 
 
 
 *
 Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I
 
 
 [1]
 The intervention of Florists' Mutual after removal would probably not divest the federal court of diversity jurisdiction. See Wichita R. R. & Light Co. v. Public Util. Comm'n of Kansas, 260 U.S. 48, 43 S.Ct. 51, 67 L.Ed.2d 124 (1922); Ford v. United Gas Corp., 254 F.2d 817 (5th Cir. 1958); Virginia Electric & Power Co. v. Carolina Peanut Co., 186 F.2d 816 (4th Cir. 1951)