Harold Roy PLASTERER, Plaintiff,

v.

Richard J. HAHN, et al., Defendants.

Civ. A. No. 83–1390.

United States District Court,
M.D. Pennsylvania.

Oct. 23, 1984.

Steven J. Schiffman, Harrisburg, Pa., Robert E. Rains, Thomas M. Place, Carlisle, Pa., for plaintiff.

Hahn, Hogan, Horner, Strayer, & Weiss, John B. Mancke, Harrisburg, Pa., for defendants.

James W. Evans, Goldberg, Evans & Katzman, Harrisburg, Pa., for Malcolm Weiss, D.O. only.

John B. Mancke, Harrisburg, Pa., for York County Prison Bd.

Melinda S. DiCarlo, and Joseph Hafer, Thomas & Thomas, Harrisburg, Pa., for James Mulligan, M.D.

## MEMORANDUM

CALDWELL, District Judge.

In this section 1983 action for violations of an inmate's Eighth Amendment rights based 'upon deliberate indifference to his medical needs, defendant, Malcolm D. Weiss, D.O. (Weiss), has moved, pursuant to Fed.R.Civ.P. 41(a)(2), for dismissal of plaintiff's amended complaint against him. Plaintiff joins in the motion but the other defendants, except James Mulligan, M.D., oppose it. The defendants who object make two arguments worthy of discussion. They contend first that a defendant may not proceed under Rule 41(a)(2), and that Weiss's motion must therefore be treated as a motion for summary judgment under Fed.R.Civ.P. 56. Under that rule, defendants argue that alleged genuine issues of material fact prevent granting the motion. Second, they assert they would be prejudiced if Weiss was dismissed from the action.

We reject defendants' contention that this motion must be treated as a motion for summary judgment. While Rule 41(a)(2) does provide for dismissal upon motion of the plaintiff, plaintiff here has joined in the motion and requests that the action be dismissed against Weiss. Accordingly, Rule 41(a)(2) is applicable. *See Southern Electric Generating Co. v. Allen Bradley Co.*, 30 F.R.D. 135 (S.D.N.Y. 1962). Additionally, while there is some conflict in the Courts of Appeals concerning the proper authority under which a district court may dismiss an action against less than all of the defendants, *see Smith, Kline & French Laboratories v. A.H. Robins Co.*, 61 F.R.D. 24 (E.D.Pa.1973); *Broadway & Ninety-Sixth Street Realty Corp. v. Loew's Incorporated*, 23 F.R.D. 9 (S.D.N.Y.1958), it is clear that in the Third Circuit when, as here, a plaintiff wishes to dismiss his entire claim against one of several defendants, Rule 41(a)(2) properly applies. *See Young v. Wilky Carrier Corp.*, 150 F.2d 764 (3rd Cir.1945); *Smith, Kline & French Laboratories, supra* (citing *Young*). Because success of a motion under that rule does not depend upon factors typically considered under a motion for summary judgment, we reject as irrelevant defendants' arguments concerning alleged genuine issues of material fact. Rather, dismissal under Rule 41(a)(2) is within the discretion of the court, see *Young, supra,* and may be accomplished under those terms and conditions the court deems proper.

We also reject defendants' claim that they will be prejudiced if Weiss is dismissed from this action. In *Ragland v. Swindell Dressler Corp.*, 186 F.Supp. 769 (W.D.Pa.1960), the court, rejecting a claim of prejudice, held that plaintiff's statutory employer could be dismissed upon the latter's motion over the objections of the remaining defendants when plaintiff had no objection to the dismissal. The court stated:

In contrast to the law of Pennsylvania, the federal view is unequivocally established that the joinder of the moving

defendant by the plaintiff gives its fellow defendants no vested interest in the presence of the moving defendant as a co-party. The Federal Rules of Civil Procedure contain no provision under which a defendant can recover judgment against a co-defendant except by way of a cross-claim filed pursuant to Rule 13(g), 28 U.S.C.

*Id.* at 770 (citations omitted). The court went on to state that the remaining defendants could always assert cross-claims for joint or several liability.

The same conclusion was reached in *Broadway & Ninety-Sixth Street Realty Corp., supra,* when certain defendants moved for dismissal after settling with the plaintiff. The remaining defendants had not filed cross-claims. Responding to their argument that it would be advantageous to keep the settling defendants in the case, the court stated:

The objecting defendants do not suggest that, upon dismissal, their rights as to the moving defendants will be any less than if the moving defendants had never been joined. Their joinder was a voluntary gift to their co-defendants by plaintiffs and plaintiffs, having given, could take away.

. . . .

Objecting defendants are not, on the present state of the pleadings, in a position where they can assert a claim for contribution. . . .

Even if the objecting defendants had already served a cross-claim for contribution on the moving defendants, the moving defendants would have been entitled to have the plaintiffs' complaint against them dismissed and they would remain in the case only as third party defendants opposing the objecting defendants' cross-claim.

23 F.R.D. at 11–12. *See also Fair v. Trans World Airlines, Inc.,* 22 F.R.D. 60 (E.D.Ill. 1957).

Similarly, in the instant case, defendants have no grounds for preventing the dismissal of Weiss. They have not asserted by way of cross-claims that Weiss is wholly or partly responsible for plaintiff's injuries. Further, even in the absence of Weiss they can still avoid liability at trial by showing that he is responsible, and, of course, their rights to contribution or indemnity are unaffected by the dismissal of plaintiff's claim against him.

We will issue an appropriate order.